**Josephine K. COCHENOUR, Appellant,**

v.

**Bobbie COCHENOUR, Respondent.**

**No. 49927.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 9, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 8, 1986.

J. William Holliday, Kahoka, for appellant.

C. Christy Barton, Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Petitioner, respondent's judgment creditor and ex-wife, caused 522 acres of respondent's real estate to be sold at public auction under writ of execution. The trial court granted respondent's post-sale mo-

tion to quash the writ in part. Petitioner appeals. We affirm.

To offset a disproportionately large in-kind distribution of marital property to respondent, and thereby effect an "equal division" of the marital estate, the 1981 decree that dissolved petitioner and respondent's marriage awarded petitioner $75,071.00, to be paid by respondent in installments of "$1,000.00 per year for four years and the balance due at the end of the fifth year," with interest on the unpaid balance at the rate of 9% per annum. 1983 found respondent in default on the second installment. Accordingly, petitioner caused a writ of execution to issue for the full unpaid principal balance of $74,071.00 and $6,666.39 accrued and unpaid interest. Pursuant the writ, the sheriff levied on respondent's 522 acre farm. Respondent directed a sale en masse, and the farm brought $193,000.00 at public auction.

Immediately after the sale, respondent moved to quash the writ in part, asserting that because the decree did not expressly accelerate the maturity of respondent's obligation upon his default, petitioner could rightfully claim from the proceeds only $8,618.92, the amount of the second installment plus costs. Before it ruled on respondent's motion, the trial court, with the parties' consent, disbursed $110,083.00 of the sale proceeds to the Mercantile Bank of Memphis to discharge the bank's lien on the farm. The court then ordered, again with the parties' consent, that petitioner immediately receive $8,618.93, the amount to which she was indisputably entitled. The disbursements left $86,983.16 on deposit with the clerk of the court. Respondent claimed this amount as surplus proceeds.

The trial court found that notwithstanding respondent's default, the dissolution decree did not authorize acceleration of installment payments not yet due. The writ was therefore ordered quashed to the extent it exceeded the amount due on the second installment. On appeal petitioner asserts the trial court erred when it refused to accelerate the maturity of respon-

dent's obligation or to hold, alternatively, that the lien of petitioner's judgment continued in the proceeds of the execution sale. We believe the trial court correctly applied the law.

■ At issue in this case is whether respondent's default accelerates the maturity of his obligation under the dissolution decree though the decree is silent as to the effect or consequences of default. There is no Missouri case on point. The general rule with respect to installment obligations, however, is that unless the contract expressly provides otherwise, a maker's default will not accelerate the maturity of a bill or note. *McDown v. Wilson*, 426 S.W.2d 112, 119 (Mo.App.1968); *Morris v. Granger*, 675 S.W.2d 15, 17 (Mo.App.1984). No policy consideration prevents us from applying the general rule to this case. Because the decree did not provide for acceleration in the event of respondent's default, execution could issue for no more than the amount of the installment upon which he had defaulted. To the extent it exceeded that amount, the writ was properly ordered quashed.

■ Petitioner's alternative claim, that the lien of her judgment, to the extent it remains unsatisfied, attaches to the proceeds of the execution sale, is equally unmeritorious. Though petitioner's judgment is by statute a lien on any real estate of respondent located in the county where the judgment was rendered, § 511.350, RSMo. Cum.Supp.1984, the lien of the judgment does not extend to personalty, and surplus proceeds of an execution sale are undoubtedly personalty. *Endres v. Hadeler*, 220 S.W. 1002, 1004 (1920). Petitioner will have no lien on the surplus proceeds until she executes against them for amounts now due under the decree of dissolution, or until she otherwise impounds the proceeds in the hands of the clerk. *Id.*

Petitioner raises two additional points which merit only brief discussion. Petitioner asserts respondent led her to believe he had withdrawn his claim to the surplus proceeds with his various oral and written amendments to the original Motion to Quash and that the trial court therefore

erred when it refused her a new trial on whether respondent's claim was meritorious. The factual assertions upon which petitioner bases this assignment of error are refuted by the record. Because the record discloses nothing from which petitioner could fairly have inferred that respondent had abandoned his claim to the surplus proceeds, her point is denied.

Petitioner also asserts respondent's motion to quash the writ was untimely, in that it was filed after the execution sale. Accordingly she concludes respondent's claim to the surplus proceeds should be barred by laches. A motion to quash filed after an execution sale, however, is not per se untimely and petitioner has failed to show she has been unfairly prejudiced by respondent's delay. Admittedly, petitioner has lost her lien on respondent's real estate, but not because respondent waited until after the sale to file his motion to quash. The lien was lost because respondent exercised his right under Rule 76.11 to direct a sale of the property en masse. Petitioner's laches argument is therefore meritless.

The judgment is affirmed.

SMITH and SNYDER, JJ., concur.