**Bobbie E. COCHENOUR, Appellant,**

v.

**Josephine Kay COCHENOUR; J. William Holliday; Verlin Waide, Appellees.**

**No. 88–2725.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1989.

Decided Nov. 3, 1989.

C. Christy Barton, Jefferson City, Mo., for appellant.

Mark D. Wasinger, Hannibal, Mo., for appellees.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and BROWN,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Bobbie E. Cochenour appeals from an adverse summary judgment rejecting his claim under 42 U.S.C. § 1983 (1982) arising from the execution sale of his farm. He

* The HONORABLE JOHN R. BROWN, Senior Circuit Judge for the United States Court of Appeals for the Fifth Circuit, sitting by designation.

claims that the Missouri procedures governing execution of judgment, embodied in Missouri Revised Statute Chapter 513 (1978) and Missouri Supreme Court Rule of Civil Procedure 76 (1981), violated the due process clause of the fourteenth amendment of the United States Constitution. Because Cochenour elected to sell his property, after having consulted an attorney, we are satisfied that any acts performed in accordance with the Missouri statute did not proximately cause his claimed injury. The judgment of the district court[1] is accordingly affirmed.

After Bobbie Cochenour's marriage to Josephine Kay Cochenour was dissolved in 1981, Josephine was awarded $75,071 to be paid in installments of $1,000 per year for four years with the balance due at the end of the fifth year, plus interest on the unpaid balance at 9% per annum. Bobbie defaulted on the second installment, and Josephine caused a writ of execution to issue for the full unpaid principal balance. Pursuant to the writ, the sheriff levied on Bobbie's 522–acre farm and Bobbie, after having retained counsel, directed a sale of the farm en masse. The farm sold for $193,000 at public auction and caused Josephine to temporarily lose her judgment lien on the land. *Cochenour v. Cochenour*, 717 S.W.2d 531, 532 (Mo.Ct.App. 1986).[2]

Bobbie Cochenour thereafter brought this action under 42 U.S.C. § 1983 against Josephine, her attorney, J. William Holliday, and the Sheriff of Clark County, Missouri, Verlin Waide. Cochenour basically claims that the Missouri execution procedures, as contained in the statute and Missouri Supreme Court Rule, were unconstitutional. He specifically argues that the due process clause of the fourteenth amendment was violated because the procedures did not require that Cochenour, or other judgment debtors, be given: (1) prompt and adequately informative notice of the execution and levy; (2) notice of the exemptions from execution under federal and state law; (3) an opportunity to assert those exemptions; (4) notice of the availability of procedures by which an execution may be challenged; and (5) an opportunity for a prompt post-levy hearing. The United States Magistrate recommended that these claims be denied and determined that the applicable Missouri statute and rule were constitutional. Adopting this recommendation, the district court granted summary judgment against Bobbie Cochenour.

On appeal, Bobbie Cochenour asserts essentially the same arguments as he did in the district court. He focuses in particular on the fact that he was never served with a notice that the sheriff had levied upon his real estate, informed of his right to hold certain property exempt, or told of the procedures available to challenge an execution or levy. However, in his response to the motion for summary judgment, Cochenour admitted that he received the written notice of the sheriff's sale which was to be conducted February 3, 1988, and that he had no reason to challenge that it was mailed on December 30, 1983, and that it was published in the county newspaper. Regardless, he maintains that these notices did not satisfy minimum due process requirements.

## I.

We initially observe that appellees first urged that this court had no jurisdiction because the district court did not enter a final judgment. Upon review of the record, it is evident that further orders of the district court made clear that the summary judgment giving rise to this appeal was a final determination of all issues between the parties. Accordingly, we have jurisdiction.

## II.

We need not reach constitutional issues unless required to do so to decide

---

1. The Honorable George Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the recommendations of United States Magistrate Robert D. Kingsland.

2. The Court of Appeals for the Eastern District of Missouri held that Josephine was entitled to only $8,618.923 of the proceeds because no acceleration of the debt owed by Bobbie had occurred. *Cochenour*, 717 S.W.2d at 532.

the case. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 453, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985); *see Ashwander v. TVA*, 297 U.S. 288, 346–47, 56 S.Ct. 466, 482–83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring). The constitutional issue in this case is presented under 42 U.S.C. § 1983, and causation is a necessary element of such a claim. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). Therefore, to succeed in this case, Bobbie Cochenour must establish that his injuries were caused by some constitutional violation. Cochenour's claim is based upon his assertion that he lost the ownership, use, and enjoyment of his entire farm. The record is abundantly clear, however, that he filed an election under Missouri Supreme Court Rule 76.11 to direct the sale of his farm in its entirety.[3] This action was the legal cause of the sale of the farm. Accordingly, it cannot be said that his injuries were caused by state or county procedures. Therefore, we need not reach the constitutional issues presented.[4]

■ Bobbie Cochenour contends that it would be improper for us to affirm the district court's summary judgment on the issue of causation because it was not raised before the district court. Courts of appeal, however, may affirm a district court judgment on any ground supported by the record, even if that ground was not considered by the court below. *Brown v. St. Louis Police Dep't*, 691 F.2d 393, 396 (8th Cir.1982), *cert. denied*, 461 U.S. 908, 103

S.Ct. 1882, 76 L.Ed.2d 812 (1985).[5] This rule applies equally to summary judgments. *See, e.g., Katter v. Arkansas Louisiana Gas Co.*, 765 F.2d 730, 734–35 (8th Cir.1985).

Causation is not established on the record before us. We affirm the district court's summary judgment.

---

3. On the day of the sale, a consent to partial distribution of the sale proceeds, signed by Bobbie's lawyer, was filed (jt. app. 66), as was a motion to quash execution. (jt. app. 61). On the following day, Bobbie amended the motion to quash execution. (jt. app. 61). This amended pleading states that "after due notice to" Bobbie Cochenour "and publication of notice prior thereto," the sheriff had sold Cochenour's farm to the highest bidder at 1:00 p.m. on February 3, 1989. (jt. app. 61). The motion also states that Cochenour filed his original motion to quash execution only ten minutes after the sale was completed. (jt. app. 61).

None of these facts, presented to the magistrate, are disputed in the record before us.

4. Although we do not consider the constitutional issues argued by Bobbie Cochenour, our re-

view of the record indicates that he was sufficiently apprised of the status of his farm to be placed on his guard. The record shows that Cochenour: (1) received a mailed notice of the sale in early January, 1984 (jt. app. 54); (2) saw the notice of the sale in the local newspaper in January, 1984 (jt. app. 54); (3) contacted legal counsel on January 9, 1984 (jt. app. 53); (4) attended the sale of his farm with his attorney on February 3, 1984 (jt. app. 56); and (5) filed a motion to quash the sale ten minutes after the sale was concluded (jt. app. 61).

5. *But cf. Brown*, 691 F.2d at 396 ("There are situations when we might not affirm on an available theory not addressed by the court below"). *See, e.g., Occhino v. United States*, 686 F.2d 1302, 1311–12 (8th Cir.1982).