# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 96-3722

————————

Andrew Wayne Smith;                         *
Teresa B. Smith,                            *
                                            *
            Appellants,                     *
                                            *  Appeal from the United States
      v.                                    *  District Court for the
                                            *  Western District of Arkansas.
Estate of Guthrie M. Williams;              *
Conagra Poultry Company;                    *         [UNPUBLISHED]
Reliance National Insurance Company,   *
                                            *
            Appellees.                      *


————————

Submitted:  June 13, 1997
    Filed:  August 18, 1997

————————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit
Judges.

————————

PER CURIAM.

Andrew Wayne Smith, while operating a tractor-trailer owned and insured by his employer, Con Agra Poultry, Inc. (Con Agra), was injured in a head-on automobile collision allegedly caused by Guthrie Williams. Smith and his wife brought this diversity action against Williams's estate, Con Agra, and Reliance National Insurance Company (Reliance). They alleged that Williams was uninsured/underinsured at the

time of the accident, and that Con Agra maintained uninsured/underinsured motorist coverage through itself or Reliance; the Smiths sought recovery under the alleged policy. The district court[1] granted Con Agra and Reliance's separate motions for summary judgment, concluding the Smiths' exclusive remedies were those provided under the Arkansas Workers' Compensation Act (the Act), Ark. Code Ann. § 11-9-105(a) (Michie 1996). The district court later dismissed the action as to the estate. This appeal followed, and we affirm.

We initially reject appellees' argument that the Smiths' appeal is untimely, as they timely obtained from the district court an extension of time in which to appeal. See Fed. R. App. P. 4(a)(5); Hable v. Pairolero, 915 F.2d 394, 394-95 (8th Cir. 1990). Because this is a diversity case, the substantive issues are governed by state law, and we review the district court's interpretation of state law de novo. See Toney v. WCCO Television, Midwest Cable & Satellite, Inc., 85 F.3d 383, 386 (8th Cir. 1996). We also review the grant of summary judgment de novo. See Madewell v. Downs, 68 F.3d 1030, 1036 (8th Cir. 1995).

The Smiths argue on appeal that Arkansas law permits them to maintain an action against Reliance, as a third-party insurer, for uninsured/underinsured motorist coverage. We do not decide this issue, because we conclude that summary judgment for Reliance was appropriate based on the unrebutted evidence supporting Reliance's summary judgment motion. See White v. Moulder, 30 F.3d 80, 82 (8th Cir. 1994) (court of appeals may affirm grant of summary judgment on any ground supported by record), cert. denied, 513 U.S. 1084 (1995). The evidence showed that Reliance did not provide uninsured motorist coverage for the tractor-trailer Andrew Smith was driving; Arkansas law prohibits issuance of underinsured motorist coverage without uninsured motorist coverage. See Ark. Code Ann. § 23-89-209(b)(2) (Michie Supp.

---

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

1995).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.