ACCEPTED
01-15-00525-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 2:39:56 PM
CHRISTOPHER PRINE
CLERK

NO.  01-15-00525-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 2:39:56 PM
CHRISTOPHER A. PRINE
Clerk

IN THE INTEREST OF J.M., B.L.U., B.L.U. and K.U., Children

S.P.M., Appellant

v.

TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, Appellee

APPEALED FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS

Trial Cause No. 2013-05384J

ORIGINAL BRIEF OF APPELLANT S.P.M.

WILLIAM M. THURSLAND
TBN 20016200
440 Louisiana St., Ste. 1130
Houston, TX 77002
713-655-0200; Fax: (713) 655-9035
Email: wmthursland@hotmail.com

ATTORNEY FOR APPELLANT

ORAL ARGUMENT NOT REQUESTED

## IDENTIFICATION OF PARTIES AND COUNSEL

Appellant herein states that the names of all parties and counsel to this appeal are:

S.P.M., Appellant:

At Trial and On Appeal:

William M. Thursland
Attorney At Law
TBN 20016200
440 Louisiana St., Ste. 1130
Houston, TX 77002
Tel: 713-655-0200; Fax: 713-655-9035

The Texas Department of Family and Protective Services, Appellee:

| At Trial: | On Appeal: |
|---|---|
| Marc A. Ritter | Sandra D. Hachem |
| Assistant County Attorney | Sr. Assistant Harris County Attorney |
| TBN 16951500 | TBN 08620460 |
| 1019 Congress, 15th Fl. | 1019 Congress, 15th Fl. |
| Houston, TX 77002 | Houston, TX 77002 |
| Tel: 713-274-5220; | Tel: 713-274-5220; |
| Fax: 713-437-4700 | Fax: 713-437-4700 |
| | |
| The Children at Trial: | Alleged Father, J.J.S. at Trial: |
| | |
| Gary Polland | Kevin H. George |
| Attorney at Law | Attorney At Law |
| TBN: 16095800 | TBN: 07805850 |
| 2211 Norfolk, Ste. 920 | 440 Louisiana, Ste. 1130 |
| Houston, TX 77098 | Houston, TX 77002 |
| Tel: 713-621-6335 | Tel: 713-655-0200 |
| Fax: 713-622-6334 | Fax: 713-655-9035 |
| | |
| Unknown Father at Trial: | Alleged Father, E.L., at Trial: |

Thomas Montgomery
Attorney At Law
TBN: 14301000
16307 Hickory Point Rd.
Houston, TX 77095
Tel. & Fax: 281-463-9623

Lance B. Medland
Attorney At Law
TBN: 24072237
3355 W. Alabama, Ste. 100
Houston, TX 77099
Tel: 713-444-3186
Fax: 281-822-1366

Alleged Father, P.M., at Trial:

J.B. Bobbitt
Attorney At Law
TBN: 24078237
405 Main St., Ste. 620
Houston, TX 77002
Tel: 713-529-6234; Fax: 281-476-7816

## REQUEST FOR ORAL ARGUMENT

Appellant does not request oral argument.

## RECORD REFERENCES

Clerk's Record:

The clerk's record consists of one (1) volume and is referred to herein as CR followed by the page number(s).

Reporter's Record:

The court reporter's record consists of three (3) volumes. The third volume contains the trial testimony. It is referenced herein as (RR) followed by the page and line number(s). The exhibits are referred to first by the party offering followed by the number.

Statutory Citation References:

Unless otherwise indicated, all statutory references refer to the Texas Family Code.

ii

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES AND COUNSEL     i

REQUEST FOR ORAL ARGUMENT     ii

RECORD REFERENCES     ii

TABLE OF CONTENTS     iii

TABLE OF AUTHORITIES     iii

STATEMENT OF THE CASE     1

ISSUE PRESENTED     3

ISSUE ONE:

ARE THERE ANY NON-FRIVOLOUS GROUNDS
TO ASSERT ON APPEAL

STATEMENT OF FACTS     3

SUMMARY OF ARGUMENT     6

I.  APPLICABLE LEGAL STANDARD     7

II.  SUFFICIENCY OF THE EVIDENCE     10

III. CONCLUSION & PRAYER     18

CERTIFICTE OF COMPLIANCE     19

CERTIFICATE OF SERVICE     19

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anders v. California*, 386 U.S. 738 (1967)     6, 9, 10

*Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388 (1982)     7

## STATE CASES

*Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005)     10

*Holick v. Smith*, 685 S.W. 2d 18 (Tex. 1985)     7

*Holly v. Adams,* 544 S.W. 2d 367 (Tex. 1976)     15

*In re A.C.,* 394 S.W.3d 633 (Tex. App. – Houston [1st Dist.] 2012, no pet.)     17

*In re A.V.*, 113 S.W. 3d 355 (Tex. 2003)     6, 7

*In re C.H.,* 89 S.W. 3d 17 (Tex. 2002)     16

*In re C.A.J.*, 122 S.W.3d 888 (Tex. App. – Ft. Worth 2003, no pet.)     17

*In re D.N.*, 405 S.W.3d 863 (Tex. App. – Amarillo 2013, no pet.)     11

*In re E.C.R.*, 402 S.W.3d 239 (Tex. 2013)     12

*In re G.M.*, 596 S.W.2d 846 (Tex. 1980)     9

*In re J.F.C.*, 96 S.W.3d 256 (Tex. 2002)     7, 8

*In re J.L.*, 163 S.W.3d 79 (Tex. 2002)     9

*In re J.S.*, 291 S.W.3d 60 (Tex. App. – Eastland 2009, no pet.)     11

*In re J.W.*, 152 S.W.3d 200 (Tex. 2006)     13, 14

*In re K.C.M.,* 4 S.W. 3d 392 (Tex. App. - Houston [1st Dist.] 1999, pet. denied)     15

*In re K.D.,* 127 S.W.3d 66 (Tex. App. – Houston [1st Dist.] 2003, no pet.)     6, 9

*In re M.C.G.,* 329 S.W. 3d 674 (Tex. App.- Houston [14th Dist.]     11

2010, pet. denied)

*Jordan v. Dossy,* 325 S.W.3d 700 (Tex. App. – Houston      14
[1st Dist.] 2010, pet. denied)

*Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App, 1991)      10

*Tex. Dept. of Hum. Servs. v. Boyd*, 717 S.W.2d 531 (Tex. 1987)      14

*Yonko v. DFPS,* 196 S.W.3d 236 (Tex. App. – Houston      13
[1st Dist.] 2006, no pet.)

## STATUTES

Tex. Fam. Code §161.001(1)      9

Tex. Fam. Code §161.001(1)(E)      13

Tex. Fam. Code §161.001(1)(J)      12

Tex. Fam. Code §161.001(1)(O)      10

Tex. Fam. Code §161.001(2)      9

NO. 01-15-00525-CV

---

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
OF TEXAS AT HOUSTON

---

IN THE INTEREST OF J.M., B.L.U., B.L.U. and K.U., Children

---

S.P.M., Appellant

v.

TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, Appellee

---

APPEALED FROM THE 314TH
DISTRICT COURT OF HARRIS COUNTY, TEXAS

Trial Cause No. 2013-05384J

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellant, S.P.M., (also referred to as "mother"), respectfully submits her Original *Anders* Brief in the referenced appeal.

STATEMENT OF THE CASE

On September 30, 2015, the Texas Department of Family and Protective Services ("DFPS") filed its *Original Petition For Protection Of A Child, For Conservatorship And Termination In Suit Affecting The Parent-Child Relationship*

1

*And Order Setting Hearing* wherein it requested, inter alia., to be named the temporary managing conservator of Patrick, a male born on December 12, 1998; Larkin, a female born on March 26, 2006; Lee, a female born on July 22, 2007 and Maverick, a male born on September 6, 2008.[1] (CR 003-035)  On the same day, the trial court granted DFPS' emergency request to take temporary conservatorship of the children.  At the show cause hearing held on October 15, 2013, DFPS was appointed as the their sole temporary managing conservator.[2]

After a bench trial, the trial court found the evidence sufficient to terminate appellant's parental rights under §161.001(1)(E), (J) and (O).  It also found that termination of her parental rights was in the children's best interests.  DFPS was appointed as their sole managing conservator.  The "Decree For Termination" was signed on May 12, 2015. **(**CR 177-188)

On June 6, 2015, mother filed her notice of appeal. (CR 190-191**)**  In an order dated June 23, 2015, the trial court appointed appellate counsel and confirmed S.P.M. is indigent.

## ISSUE PRESENTED

---

[1]  Pursuant to TRAP 9.8(b) the children are identified by alias.
[2] These orders as well as the status hearing order and order appointing appellate counsel were not included in the clerk's record.  Appellant has, therefore, requested that the record be supplemented.

<u>ISSUE ONE</u>:  ARE THERE ANY NON-FRIVOLOUS GROUNDS TO ASSERT ON APPEAL

<u>STATEMENT OF FACTS</u>

The case was called to trial on October 2, 2014.  DFPS asked for a short continuance because its "main trial attorney" was engaged in a jury trial.  The children's ad litem ("ad litem") also noted that Patrick who is "old enough to come visit with the court" wanted to attend.  Knowing that the case might be reset because the main DFPS attorney was in trial and not wanting him to miss school the ad litem did not bring him to court that morning. (RR p. 4 & 6)

On this date, mother and alleged father, J.J.S., were present.  Another alleged father, P.M., was in Illinois and the other, E.L. was never found.  DFPS counsel then offered a number of trial exhibits.  The trial court held that counsel could withhold making their objections to the exhibits until the trial resumed. (RR p. 7-10)

When the case resumed on April 28, 2015, DFPS re-offered its exhibits.  Mother was not present but her attorney ad litem was.  (RR-3 p. 6-7)  The court accepted J.J.S.'s irrevocable affidavit relinquishing his parental rights.  His rights were then terminated pursuant to subsection (K).  (RR p. 9)

The court sustained appellant's hearsay objections to DFPS #9, the removal

3

affidavit, and to the first paragraph of DFPS #19, her family service plan ("FSP"). It also sustained her relevance objection to DFPS #19, a misdemeanor assault conviction. (RR 10-11)

The DFPS caseworker, Maria Garza ("Garza"), testified the children are sixteen, nine, seven and six years old. The two older children are placed with their half sister, Ashley, who wants to adopt them. Their two younger siblings are placed in a non-adoptive foster home. The "plan" is to place the younger children with Ashley once she obtains a larger house. She also wants to adopt the younger children. (RR p. 11; L. 21-25 & p. 12)

Mother was provided with a FSP but did not do all her services. Specifically, she did not do individual therapy, "another psychiatric evaluation" and the psychosocial assessment. She attended all court hearings except "for this one." She regularly visited the children but missed the last two visits. (RR p. 13)

The children originally came into care because appellant was "arrested on a mental health warrant." Garza opined it was in the children's best interest to have mother's parental rights terminated because she "is not able to provide a safe environment for them;" her mental health issues and "not willing to send them to school." (RR p. 14)

Garza called mother on her last visit because she was late. She said she

4

forgot and arrived forty minutes late. She failed to attend the last two scheduled visits. (RR p. 15)

Michael Luna ("Luna"), the Child Advocate coordinator, testified it is in the children's best interest to terminate the parents' parental rights because they have not completed their family service plan and mother missed her last two visits. In addition, he went to her last known address the day before and it was an abandoned lot. The trailer home was gone and she did not provide any information that "she was moving or relocating." (RR p. 20 & 21)

When Patrick came into care he could not read or write; had difficulty understanding numbers and calendar days. He is making progress now but needs extra tutorials "to help catch up." All the children show substantial delays in education. (RR p. 21; L. 15-25)

Patrick testified that he is sixteen years old and "fells like" his current living circumstances are taking care of his needs. He and his siblings lived with their mother until he was fourteen when they came into DFPS care. Appellant "pretty much beat [them] senseless" without giving a reason. He took beatings for his other siblings "because they wouldn't be able to handle the beatings." She used "brute force" and the beatings were "an ongoing thing."

Neither Patrick nor his siblings ever went to school. Nor did appellant give

5

them any type of home schooling.   (RR p. 23; L. 20-25 & p. 24-25)

SUMMARY OF ARGUMENT

After thoroughly reviewing the appellate record, the undersigned court-appointed counsel ("counsel") has determined, in his professional opinion, that there are no non-frivolous grounds to assert on appeal. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) This Court has held that the *Anders* procedures are applicable to appeals involving the termination of parental rights. *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App. – Houston [1st Dist.] 2003, no pet.)

Counsel determined that the record contains evidence that is legally and factually sufficient to support the termination findings under each of the predicate grounds found by the trial court; i.e. subsections (E), (J) and (O).   Although the evidence need only support one predicate ground, counsel will review the review the evidence supporting each of the predicate grounds found by the trial court. *In re A.V.*, 113 S.W.3d 355, 262 (Tex. 2003)

Similarly, the record contains sufficient evidence to support the trial court's termination finding on best interest grounds.  The *Holly* factors weight heavily in support of the best interest finding.  In contrast, the evidence weighing against that finding is paltry.

ISSUE ONE:  ARE THERE ANY NON-FRIVOLOUS GROUNDS TO ASSERT ON APPEAL

6

## I.  APPLICABLE LEGAL STANDARD

A.  <u>Termination of Parental Rights:</u>

The involuntary termination of parental rights is a serious matter implicating fundamental constitutional rights.  *Holick v. Smith*, 685 S.W. 2d 18, 20 (Tex. 1985) The natural right existing between a parent and a child is of such a degree as to be of constitutional dimensions.  *Santosky v. Kramer*, 455 U.S. 745, 758-759, 102 S. Ct. 1388, 1397-98 (1982) As a result, appellate courts strictly scrutinize termination proceedings and involuntary termination statutes are strictly construed in favor of the parent.  *Holick v. Smith,* 685 S.W. 2d at 20-21 However, the "rights of natural parents are not absolute" and "the rights of parenthood are accorded only to those fit to accept the accompanying responsibilities." *In re A.V.* 113 S.W.3d at 361 (Tex. 1994)

B.  <u>Sufficiency of the Evidence Analysis:</u>

Proceedings to terminate parental rights require proof by clear and convincing evidence.  This standard requires "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re J.F.C.*, 96 S.W.3d 256, 264-265 (Tex. 2002)

In conducting a legal sufficiency review the court should consider all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a reasonable belief that its finding was true. It must assume that the fact finder resolved disputed facts in favor of its findings if a reasonable fact finder could do so. A corollary to this requirement is that a court should disregard all evidence that a reasonable fact finder could have disbelieved or found to have been incredible. This does not mean however that a reviewing court must disregard all evidence that does not support the finding. Disregarding undisputed facts that do not support the finding could skew the analysis of whether there is clear and convincing evidence. If the court determines that a reasonable fact finder could not form a firm belief or conviction that the allegations were true, then it must conclude that the evidence is legally insufficient. *Id.* at 266

When conducting a factual sufficiency review, the appellate court must consider all the evidence equally, both disputed and undisputed, to determine if the disputed evidence is such that a reasonable fact finder could not have resolved the disputed evidence in favor of its finding. If in light of the entire record, the disputed evidence that a reasonable fact finder could not have credited in favor of the finding is so significant that a fact finder could not have reasonably formed a

8

firm belief or conviction, then the evidence is factually insufficient. *Id.* at 266

The State bears the burden of proving by clear and convincing evidence the following: (1) that the parent committed one or more of the acts or omissions specifically listed under §161.001(1); and (2) termination of the parent's rights is in the child's best interest. §161.001(2); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2002) The State must prove all elements of its case by clear and convincing evidence. The parent has no burden of proof. *In re G.M.,* 596 S.W.2d 846, 847 (Tex. 1980)

C. *Anders* Procedures & Requirements:

When court-appointed counsel determines, in his or her professional opinion, that an appeal is without merit and there are no arguable grounds for reversal, counsel is required to file a brief that meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) The *Anders* procedures are applicable to an appeal from the termination of parental rights when an appointed counsel determines that there are no non-frivolous issues to assert on appeal. *In re K.D.,* 127 S.W.3d at 67

The court of appeals is required to fully examine the record to determine whether there are no non-frivolous issues to assert on appeal. If it determines that an appeal is wholly frivolous, it may issue an opinion explaining that it has

reviewed the record and finds no reversible error. Or, it may remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Bledsoe v. State*, 178 S.W.3d 824, 826-827 (Tex. Crim. App. 2005) A copy of appellant's brief and a copy of the record must be provided to the appellant. In addition, the appellant must be advised of her right to review the record. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)

Finally, appointed counsel must act in the role of an active advocate on behalf of the client. Counsel is required to refer to anything in the record that might arguably support the appeal. *Anders v. California*, 386 U.S. at 744, 87 S. Ct. at 1400

## II. <u>DISCUSSION AND ANAYLSIS – SUFFICENCY OF THE EVIDENCE</u>

### A. <u>Analysis- Subsection (O)</u>:

The trial court found by clear and convincing evidence that termination of appellant's parental rights was warranted under §161.001(1)(O). The Family Code provides that a court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has:

> Failed to comply with the provisions of a court order that specifically establish the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as result of the child's removal from the

parent under Chapter 262 for the abuse or neglect of the child.
§161.001(1)(O)

Generally speaking, Texas courts have taken a rather strict approach to subsection (O).  This subsection looks only for a parent's failure to comply with a court order, without reference to the quantity of the failure or degree of compliance.  *In re: D.N.*, 405 S.W.3d 863, 877 (Tex. App. – Amarillo 2013, no pet.) citing *In re J.S.*, 291 S.W.3d 60, 67 (Tex. App. – Eastland 2009, no pet.) See also *In re M.C.G.*, 329 S.W.3d 674, 675 (Tex. App. – Houston [14th Dist.] 2010, pet. denied)(where failure to complete one requirement of the family services plan supported subsection (O) termination finding)

In the instant appeal DFPS introduced uncontroverted evidence that established each of the elements required to support a termination finding under subsection (O).

Appellant was provided with a FSP that through the status hearing order and subsequent permanency hearing orders was made approved and made an order of the court.  At the time of trial the children had been in DFPS conservatorship for not less than nine months and had been removed from appellant due to neglect.  Garza testified that the children came into care because mother was arrested on a

mental health warrant. Although the removal affidavit was not admitted into evidence the trial court could consider its allegations in determining whether the children were removed from the parent for abuse or neglect. *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013)("[The removal] affidavit, even if not evidence for all purposes, shows what the trial court relied on in determining whether removal was justified.")

Garza also testified that mother was provided with a FSP. She did not do her individual therapy, psychiatric evaluation or psychological assessment. Appellant was also required to attend all court hearings but failed to appear at trial. Although she was regularly visiting the children, she missed the last two.

In conclusion, based on the undisputed evidence a reasonable fact finder could form a firm belief or conviction that DFPS provided clear and convincing proof to support a termination finding under subsection (O).

B. Analysis – Subsection (J):

A court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has been the major cause of the failure of the child to be enrolled in school as required by the Education Code. §161.001(1)(J) The Education Code provides that "a child who is at least six years of age . . . shall attend school." Educ. Code §25.085(b) See *Yonko v. DFPS*, 196

12

S.W.3d 236, 242 (Tex. App. – Houston [1ˢᵗ Dist.] 2006, no pet.)

Patrick testified that he lived with his mother for the first fourteen years of his life. During that period of time neither he nor his siblings ever attended school. Neither did they ever receive any type of home schooling.

Luna confirmed that when Patrick came into DFPS care he was illiterate. He also had difficulty understanding numbers and calendar days. Although he is making progress he needs extra tutorials "to help catch up." Finally, Luna stated that all the children show substantial delays in education.

In sum, the evidence pertaining to subsection (J) was unchallenged and compelling.

C. Analysis – Subsection (E):

To support the termination of parental rights under §161.001(1)(E), the State must prove that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." The relevant inquiry under this section involves the parent's acts and omissions. *In re J.W.,* 152 S.W.3d 200, 205 (Tex. 2006)

Termination under subsection (E) "must be based on more than a single act or omission and requires a voluntary, deliberate and conscious course of conduct by the parent that endangers the child's physical and emotional well-being." *Id.* at

Endangerment is defined as "to expose to loss or injury; to jeopardize." *Texas Dept. of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Although "endanger" means more than a threat of metaphysical injury or the possible ill effects of a less-than ideal environment, it is not necessary that the conduct be directed at the child or that the child actually suffers injury.

The relevant inquiry is whether evidence exists that a parental course of conduct endangered the child's physical or emotional well-being. *Jordan v. Dossey,* 325 S.W. 3d 700, 713 (Tex. App. – Houston [1ˢᵗ Dist.] 2010, pet. denied)

Evidence of a parent's past conduct, including criminal history, may be relevant if it shows a conscious course of conduct occurring both before and after a child's birth. *Avery v. State,* 963 S.W.2d 550, 553 (Tex. App.—Houston [1st Dist.] 1997, no writ) While it is not necessary that the endangering conduct be directed at the child or that the child actually suffers an injury, the child must be exposed to loss or injury. *In re: J.W.,* 225 S.W.3rd at 205

In regard to the evidence relating to subsection (E), Patrick testified that appellant "pretty much beat" them "senseless" without giving a reason. She used "brute force" and the beatings were an "ongoing thing." The mother's assaultive conduct directed at her children coupled with her conscious failure to educate them

14

is sufficient to support the trial court's finding that she knowingly engaged in a course of conduct that endangered the children's physical or emotional well-being.

D. Analysis - Best Interests:

In addition to establishing that a parent committed one of the prohibited acts specified in §161.001(1), DFPS also has the burden of proving by clear and convincing evidence that termination of a parent's parental rights is in the child's best interest. §161.001(2) There is a strong presumption that the child's best interest is served by keeping custody in the natural parent. *In re K.C.M.*, 4 S.W. 3d 392, 393-393-95 (Tex. App. – Houston [1st Dist.] 1999, pet. denied)

In *Holley v. Adams,* 544 S.W. 2d 367 (Tex. 1976), the Supreme Court identified nine factors to consider in determining the best interest of the child. Those factors are the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of the individuals seeking custody, the programs available to assist those individuals to promote the best interests of the child, the plans for the child by the parties seeking custody, the stability of the home or proposed placement, the acts or omissions committed by the parent that might indicate that the existing parent-child relationship is not a proper one, and any excuses for the acts or omission committed by the parent.

15

While the *Holly* court instructed that the list is by no means exhaustive it does provide a good point of reference to aid in assessing the trial courts' best interest finding. The absence of evidence pertaining to some of the factors will not preclude a fact finder from forming a strong conviction or belief that termination is in the child's best interest. On the other hand, scant evidence relevant to each *Holly* factor will not support such a finding.

The same evidence of acts or omissions that support termination under 161.001(1) may be probative in determining the child's best interest. *In re C.H.,* 89 S.W.3d 17, 27-28 (Tex. 2002)("While it is true that proof of acts and omissions under section 161.001(1)(E) does not relieve the petitioner from providing the best interest of the child, the same evidence may be probative of both issues.") Here the undisputed evidence shows that appellant regularly assaulted her children and violated the Education Code by failing to enroll them in school when them attained six years of age is also probative of the best interest factors.

In addition, appellant failed to complete her court ordered FSP by not doing individual therapy, her psychiatric evaluation or psychosocial assessment. The trial court could justifiably conclude that the underlying causes that brought the children into care had not been ameliorated.

At the time of trial, the two older children were living with Ashley who

wants to adopt them. The DFPS plan is to place the two younger children with her as soon as she obtains a larger house. Ashley also wants to adopt them. The children are attending school and their current needs are being met.

Luna testified he attempted to visit appellant the day before trial but her trailer home was gone and the lot abandoned. She failed to provide any information regarding her new location. On the other hand, there was no evidence that she could provide permanency or a stable environment for her child. See *In re C.A.J.*, 122 S.W.3d 888, 894 (Tex. App. – Ft. Worth 2003, no pet.) ("without stability, income, or a home, [a parent] is unable to provide for the child's emotional and physical needs.") In addition, while DFPS and Luna were providing assistance to Patrick (and presumably the other children) to overcome their educational deficiencies there was no evidence that appellant would be able to meet those needs. Indeed, she was the cause of the educational delays.

There is some evidence, however, that weighs the *Holly* factors in favor of the mother. For instance, she was visiting the children regularly until the last two visits and had been attending all court hearings except for the last one. While Garza alluded to mother's "mental health issues" the record contains no evidence to explain what those issues were. Nevertheless, in regard to the first *Holly* factor, the child's desires, it was clear that Patrick preferred living with Ashley rather than

17

his mother.

Based on carefully perusal of the record counsel has concluded that the evidence is legally and factually sufficient to support the termination finding on best interest grounds.

### III. CONCLUSION AND PRAYER

Based on counsel's professional evaluation of the record, he determined that there are no arguable grounds for appeal and that S.P.M.'s appeal is wholly frivolous. Counsel certifies to the Court that contemporaneously with filing this brief, he has forwarded to appellant by certified mail, return receipt requested, and U.S. First Class Mail to her last known mailing address a copy of this brief and a letter informing her that she has the right to file a pro se response with this Court within 30 days. Counsel also informed her that if this Court concludes after independently reviewing the record that an appeal is wholly frivolous then she has the right to challenge that holding by filing a petition for review in the Texas Supreme Court.

Counsel prays that he be permitted to withdraw.

Respectfully submitted,

/s/ William M. Thursland

_____
William M. Thursland
TBN: 20016200

18

440 Louisiana St., Ste. 1130
Houston, Texas 77002
(713) 655-0200; Fax: (713) 655-9035
Email: wmthursland@hotmail.com

Attorney for Appellant, S.P.M.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing computer generated brief complies with word limit requirements of TRAP 9.4 (3). Relying on the word count of the computer program used to prepare this document, the number of words, is 3,816 excluding the caption, identify of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, statement of procedural history, signature, proof of service, certificate of compliance and appendix.

/s/ william m thursland

_____
William M. Thursland

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of appellant's brief was served in accordance with TRAP on August 17, 2015 on:

(1) Sandra D. Hachem, Sr. assistant Harris County attorney, 1019 Congress, 15th Fl., Houston, TX 77002, by electronic delivery;

(2) Gary Polland, 2211 Norfolk, Ste. 920, Houston, TX 77098, attorney ad litem for the children, by hand or electronic delivery; and,

(3) S.P.M., appellant, to her last known address: 11410 Brooklyn St., TRLR 261, Houston, TX 77093

19

by certified mail, return receipt requested & U.S. First Class Mail and by electronic delivery to sandrapmccormick@yahoo.com

/s/ william m. thursland

_____

William M. Thursland
